# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>KULAR TRANSPORTATION INC, et al.,<br><br>Defendants. | Case No.: 1:24-cv-1568 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 11, 18) |

BMO Harris Bank N.A. seeks to hold Kular Transportation, Inc., and Lakhwinder Singh liable for breach of contract related to several Loan and Security Agreements. (*See generally* Doc. 1.) After Defendants failed to answer, the Court entered default against Defendants. (Doc. 9.) Plaintiff now seeks default judgment against Defendants. (Doc. 11.)

The magistrate judge determined Plaintiff complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 18 at 7-10.) Examining the sufficiency of the complaint, the magistrate judge found Plaintiff alleged sufficient facts to state a claim for breach of contract against Defendants and submitted evidence in support of its damages. (*Id.* at 10, 13-14.) The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment and recommended the Court grant the motion, with damages awarded in the amount of $ 497,434.13, plus post-judgment interest. (*Id*. at 10-14.)

1       The magistrate judge found Plaintiff is also entitled to an award of attorney fees and costs.
2 (Doc. 18 at 14-16.)  The magistrate judge found the requested hourly rate of $325 was reasonable
3 based upon the experience of counsel.  (*Id.* at 15.)  In addition, the magistrate judge observed:
4 "According to the declaration of Attorney Ito and the corresponding exhibited invoice, Attorney
5 Ito … expended a total of 8.80 hours of work in this matter." (*Id.* at 16.)  However, the
6 magistrate judge reviewed the evidence and found that "Attorney Ito has only supported 2.5 hours
7 of attorney's fees." (*Id.*)  The magistrate judge noted Mr. Ito also anticipated that it would "take
8 at least 3 hours at a rate of $325" to complete the motion for default judgment, excluding any
9 appearance at a hearing on the motion.  (*Id.*)  The Court held a hearing, at which counsel "stated
10 that he would waive any opportunity to support these anticipated hours." (*Id.*)  Therefore, the
11 magistrate judge recommended the Court decline to award the hours that were not supported and
12 modify the fee award to "$812.50 for 2.50 hours of work." (*Id.*)  Finally, the magistrate judge
13 found costs in the amount of $565.24—which included the Court's filing fee and service of
14 process—were reasonable and recommended the Court award the requested amount.  (*Id.*)

15       The Court served the Findings and Recommendations on Plaintiff, which served the
16 document on Defendants and filed proof of service. (Doc. 19.)  The Court notified the parties that
17 any objections were due within 14 days.  (Doc. 18 at 17.)  The Court advised the parties that the
18 "failure to file objections within the specified time may result in the waiver of rights on appeal."
19 (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  No objections were
20 filed, and the deadline for doing so has passed.

21       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
22 Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
23 are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

24     1.    The Findings and Recommendations issued May 28, 2025 (Doc. 18) are
25         **ADOPTED** in full.
26     2.    Plaintiff's motion for default judgment (Doc. 11) is **GRANTED** in part.
27     3.    Plaintiff is **AWARDED** monetary damages in the amount of **$497,434.13**.
28     4.    Plaintiff's request for fees and costs is **GRANTED**, in the modified amount of

$812.50 in attorney fees and $565.24 in costs, for a total of **$1,377.74**.

5. Plaintiff is **AWARDED** possession of the 2019 Vanguard Refrigerated Vans, with 2018 Thermo King, Model S-600 (VIN: 527SR5327KL018773 and Serial No. 6001278835), and Defendants **SHALL** return and/or permit Plaintiff to take possession of the vehicle.

6. Upon recovery and sale of the vehicle in a commercially reasonable manner, Plaintiff **SHALL** credit the net sale proceeds of the vehicle toward the monetary judgment awarded herein.

7. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants, and to close this case.

IT IS SO ORDERED.

Dated:   **June 18, 2025**

UNITED STATES DISTRICT JUDGE

3